M. L. HEALY, Guardian, v. SOVEREIGN CAMP WOODMEN OF
THE WORLD, J. C. ROOT, B. C. WOOD AND J. T. YATES,
Appellant.

Mutual Insurance:   WHEN EFFECTED.   *Waiver of conditions prece-
dent.*  A certificate of insurance in defendant benefit association
provided that the liability of the sovereign camp for payment
thereunder should not begin until the member named therein
should have paid certain fees, amounting to $6.40, and been
obligated or introduced by a camp or authorized deputy in due
form, and had received his certificate, and that these should
be conditions precedent to the payment of benefits in case of
a member's death. Defendant's agent induced deceased to apply
for membership and received from him $3. Under the agent's
agreement with defendant he was to retain $5 as his personal
compensation, and the physician making the examination of
the applicant was to have $1. Deceased's application for mem-
bership was accepted, and his certificate countersigned by the
soliciting agent, "He has made all payments required, and has
been introduced as a member of this camp," and such agent
was present at its delivery and had authority to "obligate"
members. *Held*, that since the $3 paid was sufficient to cover
the fees outside those of the soliciting agent and the examin-
ing physician, it will be deemed that they waived payment of
their fees, and that deceased had completed his membership
in the association, so as to entitle the beneficiaries to the bene-
fits under his policy.

*Appeal from Cedar Rapids Superior Court.*—HON. T. M.
GIBERSON, *Judge.*

THURSDAY, OCTOBER 11, 1900.

PLAINTIFF, as guardian of the four minor children of M.
J. Griffin, deceased, brings this action in equity to enforce

the performance of a contract of life insurance under a certificate issued by the defendant association to said deceased, wherein said minor sons are named as the beneficiaries. The defendants set up as defenses the failure of the deceased to comply with certain conditions precedent to the taking effect of said certificate, wherefore they claim that it is void and of no effect. Decree was rendered in favor of the plaintiff as prayed. Defendants appeal.—*Affirmed.*

*F. F. Dawley* and *Brome* & *Burnett* for appellants.

*Charles A. Clark* & *Son* and *J. C. Leonard* for appellee.

GIVEN, J.—I. The defendant association is a fraternal and benevolent life insurance association engaged in insuring the lives of its members upon the mutual assessment plan. It is incorporated under the laws of Nebraska, and has its principal camp or place of business in the city of Omaha, and subordinate camps throughout the country, including Camp No. 24, at Cedar Rapids, Iowa. The beneficiary certificate sued upon provides as follows: "The liability of the sovereign camp for the payment of benefits under this certificate shall not begin until the member named herein shall have paid all the entrance fees, paid all his advance assessments, paid the sovereign camp and camp general funds due for the month, paid the physician's fee for medical examination, been obligated or introduced by a camp or authorized deputy in due form, and had delivered to him his beneficiary certificate while in good health. The foregoing provisions are hereby made a part of the considerations for, and are considerations precedent to the payment of benefits in case of his death." The entrance fee provided was $5, $1 of which was required to be forwarded with the application for membership to the sovereign camp; the physician's fee was $1; and "camp general funds due for the month" 15 cents to the sovereign camp, and 25 cents to the local camp—aggregating $6.40. The defendant B. C. Wood, state deputy, was duly employed by Camp No. 24 to solicit applications

for membership under a contract "that he shall be allowed the adoption fee of $5 on all new applications taken into said camp; it being understood that the deputy forward the applications and certificate fees to sovereign camp." On the 12th day of March, 1898, M. J. Griffin, at the solicitation of Deputy Wood, made application in the usual form to Camp No. 24 for membership, and on March 17th he was examined and his application approved by the examining physician. Thereafter his application was presented to, and accepted by, Camp No. 24, and then forwarded to the sovereign camp. On the 5th day of April, 1898, the certificate sued upon was executed by Defendant Root as sovereign commander, and defendant Yates as sovereign clerk, and sent to F. A. Taylor, clerk of Camp No. 24, to be countersigned and delivered when the conditions were complied with. The certificate was countersigned as follows: "He has made all payments required, and has been introduced as a member of this camp. Signed this 6th day of April, A. D. 1898. B. C. Wood, Counsel Commander Cedar Rapids Camp, No. 24, State of Iowa. F. A. Taylor, Counsel Clerk." Thus executed and countersigned, the certificate was delivered to Mr. Griffin on the seventh and thereafter, on the ninth day of April, 1898, he was instantly killed while engaged in his duties as a railroad employe. It appears that the only payment made by Griffin was $3, paid to Wood, March 24, 1898. Defendants' contentions are that this did not meet the requirements as to payments; that Wood had no authority to waive the requirements; and that Griffin had not "been obligated or introduced by a camp or authorized deputy in due form," and therefore the certificate was delivered without authority, and is void. Plaintiff contends that Wood did have authority to waive any further payment than that made; that the $3 were sufficient to pay the sovereign and local camp; and that Griffin was obligated by Mr. Wood, an authorized deputy, in due form.

II. It will be observed that the applicant might be obligated by an authorized deputy, and that he or she should be obligated before the certificate was delivered. Mr. Wood was authorized so to do, and up to a certain time it was his practice to obligate applicants. He countersigned this certificate, and was present at, and consented to, its delivery. Therfore we may presume that he knew that Griffin had been obligated as required.

III. Provisions in the defendant's laws and in this contract, forbidding agents from waiving requirements of the contract, are set out and discussed, with many citations; also the extent of the authority of the defendant Wood. As we view the case, we need not inquire as to these matters. It is not disputed but that both Mr. Wood and the examining physician might waive so much of the payments as was to come to them personally. Under Mr. Wood's contract with Camp No. 24, he was personally entitled to $5 adoption fee, and it is entirely clear that he waived its payment in advance of the delivery of the certificate, from the fact that he countersigned the certificate as he did, and consented to its delivery without payment of the $5, as he did in a number of other cases. The $1 due to the medical examiner was his personal compensation, and the applicant had no right to demand its return in case his application was rejected. The examining physician had a right to demand the payment of this fee by the applicant before furnishing his report of the examination. This he did not do, and therefore we may presume that he waived the payment of the $1 in advance of the delivery of the certificate. The other payments required to be made by the applicant were as stated in defendants' argument, "$1.60; the monthly sovereign camp dues, 15 cents; and the local camp dues, alleged in defendants' answer to be 25 cents, were as shown by the proof, 50 cents"—call it 50, and we have an aggregate of $2.25. That Deputy Wood paid these items out of the $3 paid to him is satisfactorily shown by the fact that the sovereign camp accepted the appli-

cation and issued the certificate, and that Camp No. 24 acknowledged deceased as a member in resolutions after his death. A more convincing fact is the statement of "B. C. Wood, counsel commander," and "F. A. Taylor, counsel clerk," on the certificate, April 6, 1898, before delivery of it, that "he has made all payments required"—a statement that was true, in view of the fact that Mr. Wood and the physician had waived payment in advance of the sums due to them.

If it should be said that the physician did not waive payment of his $1 in advance, still the $3 were enough to pay all but Mr. Wood according to the answer, and within 25 cents of enough according to what is claimed to be the proof. We would hesitate to hold this certificate invalid because of a failure to pay that 25 cents after the deceased had been recognized in life and after death by the local camp as a member. It was true, as stated on the certificate by Mr. Wood and Mr. Taylor, that all required payments had been made, and that the applicant "has been introduced as a member of this camp." The deceased had complied with every requirement precedent to the delivery of the certificate of membership to him, and on its delivery became a member, entitled to all the benefits contracted thereby. The decree of the superior court is correct, and it is AFFIRMED.

GRANGER, C. J., not sitting.